PLATT & FREES COMPANY ET AL., APPELLANTS, V. WILLIAM
J. SCRIVNER ET AL., APPELLEES.

FILED APRIL 3, 1914. No. 17,343.

1. **Mechanics' Liens: EVIDENCE.** Platt traded lots to Moritz for a
farm, agreeing to give Moritz a credit of $3,400 with the Platt &
Frees Company. Moritz was to build five cottages on the lots,
was to buy all his material of Platt & Frees Company, the same
to be paid for out of his said credit, if the same should be found
sufficient. The plaintiffs brought an action to foreclose an alleged
mechanic's lien for so much of the material as went into one of
the houses, the Scrivner house. Scrivner and his wife and Moritz
were made defendants. The material furnished for the five houses
amounted to $3,851.50. The Scrivner house was the fourth house
constructed. The evidence shows that, when the contract for this
was made and the material furnished, Moritz was still entitled to
a credit of more than the cost of material. *Held,* That no lien
attached to the property of Scrivner, but that the plaintiffs are
entitled to a judgment against Moritz for the price of the material
furnished for the five houses in excess of the credit of $3,400.

2. **Compromise and Settlement: EVIDENCE.** Evidence upon the issue
between Moritz and Scrivner as to the amount due Scrivner ex-
amined, and *held* that a valid settlement was entered into between
such parties, and that nothing is due Scrivner thereupon.

APPEAL from the district court for Webster county:
HARRY S. DUNGAN, JUDGE. *Affirmed in part and reversed
in part.*

*L. H. Blackledge,* for appellants.

*Bernard McNeny* and *E. U. Overman, contra.*

HAMER, J.

The pleadings in this case cover about 13 pages, and an
effort will be made to state the matter in controversy
without the recital of the pleadings in detail. The plead-
ings and evidence show that an exchange of real estate was
made by the defendant Moritz with Charles J. Platt, one
of the plaintiffs. Moritz conveyed to Platt certain farm
land in Webster county, Nebraska, in exchange for six

groups of lots, of four in each group. The lots are in Platt's First addition to Red Cloud, Nebraska. Between the value of the farm as agreed upon and the value of the lots there was a difference of $3,400 which was coming to Moritz. On one of the groups of lots there was a dwelling-house, and Moritz, under the agreement with Platt, was to build a dwelling-house on each of the other groups of lots. Platt was to put in all of the cement work, including sidewalk, at the price at which Moritz might be able to obtain the same at Red Cloud. Moritz also agreed to buy all of his material from the Platt & Frees Company, one of the plaintiffs, the same to be furnished to said Moritz by said Platt & Frees Company, at a price 10 per cent. above cost, including handling, except as to cement work. Moritz agreed to take sufficient material from the Platt & Frees Company for the erection of five cottages to be built by him on the five groups of lots, the cost of such material to be applied on the $3,400 which was due Moritz from said Platt on the trade, and on completion any amount due for such material in excess of $3,400 was to be paid by said Moritz in cash, and, if any amount of the $3,400 should not be used, then the same was to be paid in cash by said Platt to said Moritz. After the first three houses were built, for which material only was to be furnished, said Platt was to furnish all lumber and material and was to build the fourth and fifth houses, provided that the material previously furnished did not cost $3,400. It was agreed that when Platt had bought and furnished material, or material and labor, in the total aggregate sum of $3,400, his obligation under the contract was to be considered complied with. Moritz was to build two of the cottages in 1909, two in 1910, and one in 1911. The contract was signed by C. J. Platt and R. D. Moritz, and also by Platt & Frees Company, the latter signing under the clause, "we agree to furnish the material as specified in the foregoing contract."

Platt & Frees Company commenced their action against William J. Scrivner, Emma L. Scrivner and Richard D. Moritz. Their petition alleged that they had commenced

their action to foreclose a mechanic's lien; that the Platt & Frees Company, had furnished the defendant William J. Scrivner, material for the construction of a dwelling-house on one of said lots pursuant to an oral agreement; that the value of the material furnished was $841.95; that the steps to secure a mechanic's lien had been taken, reciting the steps; that Emma L. Scrivner was the wife of said William J. Scrivner; that there was due to the plaintiffs, as a balance on the contract, $841.95, together with interest from the 18th of January, 1910; that the defendant Richard D. Moritz claimed to have an interest in the property by virtue of a mortgage thereon which had been executed by the defendants William J. Scrivner and Emma L. Scrivner to said Moritz in the sum of $1,500; that the interest of said defendants was subject and inferior to the plaintiffs' claim, which was a first and valid lien on the premises.  The prayer was that the rights of the parties should be determined, and that the plaintiffs recover judgment against the defendant William J. Scrivner for the sum of $841.95, with interest, and that the same be declared a first lien on the premises, and that the premises be sold and the proceeds applied to the payment of the amount due the plaintiff, with interest and costs, and for such other and further relief as might be just and equitable.

To this petition William J. Scrivner filed his answer, admitting that he bought of the plaintiffs Platt & Frees Company, the lumber and material specified in the petition, and that he used the same in the erection of a dwelling-house on lots 17, 18, 19, and 20, in block 4 of Platt's First addition to Red Cloud, Webster county, Nebraska; that at the time he bought the same he (the defendant) was the owner and in possession of said lots, holding the same under a contract of sale from the defendant Richard D. Moritz; that afterwards Moritz and his wife conveyed the premises to the defendant William J. Scrivner by warranty deed duly recorded in Webster county; that thereupon the defendant William J. Scrivner and his wife, Emma L. Scrivner, executed to said Moritz their note in

the sum of $1,500, bearing 6 per cent. interest, and securing the same by a mortgage on said premises; that the consideration for which said mortgage and note were given was a balance of the purchase price on said lots then due to said Moritz; that said Moritz should pay or furnish to the defendant William J. Scrivner the money to pay the plaintiffs the amount of plaintiffs' said lien, being the sum of $885, which was included in said mortgage, and for which the defendant William J. Scrivner had received no other or further consideration; that the defendant Richard D. Moritz had not paid either to the plaintiffs Platt & Frees Company, or to the defendant William J. Scrivner, the said sum of $885, or any part thereof; that since the commencement of the suit said Moritz had assigned or transferred the mortgage; that, on account of the failure of said Moritz to pay the said sum of $885, said lien of the plaintiffs had been filed, and that the defendant had been greatly damaged thereby; that the defendant had been unable to sell the property, which he desired to do, and could have done but for the filing of the said lien; that soon after the filing of the said lien the defendant William J. Scrivner had served a notice on said Moritz demanding that he pay the said sum of money to him (the defendant) or to the plaintiffs Platt & Frees Company, and that he cause the said lien to be released; William J. Scrivner prayed for an accounting between himself and said Moritz, and that said Moritz be required to pay into court so much of the said sum of $885, with interest, as might be necessary to procure the cancelation of said lien; that said mortgage and note might be canceled and reduced by the amount of $885; that the defendant William J. Scrivner recover of said Moritz, in addition, the sum of $500 damages, with costs; that he also have such further relief as might be just and equitable.

The defendant Richard D. Moritz filed an answer to the petition of the plaintiffs Platt & Frees Company, (1) denying each and every allegation in the petition contained; (2) alleging that the Platt & Frees Company, was no longer a corporation, that it had been dissolved in September,

1909, and that it was not in existence January 29, 1910, when the mechanic's lien mentioned in the plaintiffs' petition was filed in the office of the county clerk of said county; (3) that said Platt & Frees Company is not the owner of the account sued on, but that said company had sold the same to Charles J. Platt and Benjamin F. Frees, a partnership known as the Platt & Frees Company; (4) that the defendant Richard D. Moritz denies that the defendant William J. Scrivner and the Platt & Frees Company ever entered into a contract for the purchase of the lumber and material mentioned in plaintiffs' petition; alleges that the defendant Richard D. Moritz purchased of the said Platt & Frees Company all of the lumber used in the erection of the said dwelling on lots 17, 18 and 19, in block 4, Platt's First addition to the city of Red Cloud, and under and by virtue of a certain contract entered into between the defendant Richard D. Moritz and Charles J. Platt and the Platt & Frees Company, which said contract is set out in the exhibit attached to the answer of said Richard D. Moritz; alleges that before purchasing said lumber and building material the defendant Richard D. Moritz entered into a written contract with the defendant Scrivner for the sale of the lots mentioned in plaintiffs' petition, and the lumber to be used in the dwelling erected thereon, and, in pursuance of said contract, purchased of the said Platt & Frees Company all of the lumber and materials mentioned in plaintiffs' petition (a copy of the contract between the defendant Moritz and the defendant William J. Scrivner is attached to the answer of said Moritz and marked exhibit B) ; alleging that at the time said Moritz purchased the lumber and material mentioned in plaintiffs' petition said Platt & Frees Company was indebted to him, the said Moritz, in a sum in excess of $841.95, and that the said sum of $841.95 was paid by the defendant Richard D. Moritz to the said Platt & Frees Company, and that it was agreed by the said Platt & Frees Company and the defendant Richard D. Moritz and the defendant Scrivner that the lumber so furnished by this defendant to said Scrivner was to be charged against the

balance which this defendant then had deposited with the said Platt & Frees Company, and that the said Platt & Frees Company had been paid in full for said lumber and material; alleging that under the terms of the contract between the said Platt & Frees Company, Charles J. Platt, and the defendant Richard D. Moritz, the defendant Moritz erected five houses, and received under its contract from the said Charles J. Platt and Platt & Frees Company building material amounting to about $3,700, and no more; that the prices charged in the account mentioned in plaintiffs' petition and the prices charged for the building material used by the defendant Richard D. Moritz in erecting the other houses mentioned in the contract were greatly in excess of 10 per cent. above the cost price; alleging that the defendant Richard D. Moritz has at all times been ready and willing to settle or pay to the said Platt & Frees Company all he might owe it under said contract, but that the said Platt & Frees Company refused to accept the cost price of said lumber and material plus 10 per cent. profit thereon; alleging that the said Platt & Frees Company is not entitled to a lien on the premises described in plaintiffs' petition, and that the lumber and material used in the erection of said dwelling on said lots was purchased by the defendant Richard D. Moritz, from the said Platt & Frees Company, and was paid for by the defendant Richard D. Moritz by the said Platt & Frees Company deducting said bill from the balance which the said Platt & Frees Company then owed to this defendant Richard D. Moritz. There was a prayer to this answer of Richard D. Moritz that the plaintiffs and the defendant William J. Scrivner take nothing.

The plaintiffs replied to the answer of the defendant Moritz, admitting that a contract was made between said Moritz and Charles J. Platt substantially as set forth in exhibit A, attached to said answer of said Moritz, and alleging that the same was the individual agreement of said parties, and not the contract of the plaintiffs; alleging that the plaintiffs did not have knowledge of the contract set out as exhibit B, and attached to said answer; also

denying each and every other allegation of fact contained in said answer.

Subsequently the plaintiffs and Charles J. Platt· moved that Charles J. Platt be made a party plaintiff with the plaintiff, Platt & Frees Company, and the same was done.

Upon the trial the district court found that the plaintiffs furnished and delivered to the defendant Richard D. Moritz, under the written contract between the parties set forth in the answer of the defendant Moritz, certain lumber and building material and cement. work to the amount and value of $3,851.50, and that said material included the material set forth in plaintiffs' petition, and which entered into the construction of the dwelling-house described therein, and that lots 17, 18, 19 and 20, in block 4, Platt's First addition to Red Cloud, Webster county, Nebraska, against which property the plaintiffs claim a lien; that the said dwelling-house is known as the "Scrivner house;" that the whole amount of material referred to and computed by the court and chargeable under the terms of the contract amounts to $3,851.50, and that said material entered into the construction of the said "Scrivner house," and also four other dwelling-houses contemplated by said contract, and known and referred to as the "Pope-Jones house," the "McFarland house," the "Yost house," and the "Barta house;" that, as between the plaintiff and the defendant Richard D. Moritz, the said defendant Richard D. Moritz is entitled to a credit under said contract of $3,400 against the said sum of $3,851.50. It was also found that, as between the plaintiff and the defendant Richard D. Moritz, the defendant Moritz is entitled under the contract to a credit of $3,400 against the said sum of $3,851.50; that, as between the said defendant Moritz and the defendant William J. Scrivner; the note and mortgage given by the said Scrivner to said Moritz upon said described real estate was above the true amount, and that there was due to the defendant Scrivner from the defendant Moritz $219.70; that the sale and furnishing of said materials by the plaintiffs was to the defendant Moritz, under the said contract, and that the claim of the lien filed by the

plaintiffs and the record thereof should be canceled, because not constituting a lien against said property. It was considered that the plaintiffs recover from the defendant Moritz the sum of $451.50; that the defendant William J. Scrivner recover of the defendant Moritz the sum of $219.70; that the lien of the plaintiff, Platt & Frees Company, filed against said real estate and the record thereof be canceled and set aside as not constituting a lien on said property.

The first question raised is whether the plaintiff, the Platt & Frees Company, is entitled to a lien for the amount of material furnished by it, or for any part of it. It seems to be conceded that the value of materials furnished by the plaintiff and entering into the construction of the five houses exceeds $3,400, the amount of the Moritz credit, which is confined to $3,400. The dwelling-house involved in the controversy is the fourth one to be erected by the defendant Moritz under his agreement. It was found by the court that the materials entering into its construction were furnished to Moritz under his contract. There is evidence to sustain this finding, and we do not feel at liberty to disturb it. It is contended by the plaintiffs that, notwithstanding this, the lien should have been allowed because another house, called in the record the "Barta house," was under construction at the same time, and that the amount due for all materials furnished, including that for the Barta house, exceeded the Moritz credit, and for that reason that plaintiff is entitled to a lien for at least the amount of the excess. The fault with this position lies in the fact that the contract for the materials for the Scrivner house was reached and the material furnished for that house *before anything was furnished for the Barta house,* and before any agreement or understanding touching the amount of material to be furnished for the Barta house was reached. In other words, at the time the amount of materials for the Scrivner house was agreed upon and the material furnished, Moritz still had a credit on his contract. All the material for the Scrivner house being furnished, Moritz still had a credit of about

Platt & Frees Co. v. Scrivner.

$100. No lien could arise against this property until there was a debt existing because of materials furnished for its improvement. Until Moritz had exhausted his credit under the contract he was not indebted to the plaintiffs. We are unable to say that the decree of the district court is wrong in so far as it cancels the lien claimed by the plaintiffs. We think it is right, and it is therefore affirmed.

This brings us to the consideration of that part of the decree which finds the price charged by Moritz to Scrivner for the house to be excessive and awarding Scrivner a judgment for the excess. By agreement between Moritz and Scrivner, Scrivner was to be charged the actual cost to Moritz of the materials going into his home. On making a settlement between themselves, a statement of the cost was obtained from Platt. It was adopted by Scrivner and Moritz as representing the cost of the material, and Scrivner executed the mortgage upon the basis of Platt's statement. No fraud or misrepresentation seems to have been practiced by either. They had an equal opportunity for knowledge of the cost. Scrivner is himself shown to be a contractor and builder. Their settlement was voluntarily entered into, and, in the absence of fraud, it ought not to be set aside. The decree, in so far as it gives judgment in favor of Scrivner and against Moritz, is reversed.

The decree of the district court is affirmed so far as it cancels the lien claimed by the plaintiffs, and reversed so far as it awards judgment in favor of the defendant William J. Scrivner, and against the defendant, Richard D. Moritz, and the cause is remanded to the district court for such other and further proceedings as are necessary according to law and in harmony with this opinion.

JUDGMENT ACCORDINGLY.

LETTON, ROSE and SEDGWICK, JJ., not sitting.